CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 09, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **JOSHUA ADAM HURLEY,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:24-cv-00605** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **RN K. CORBIN, et al.,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Joshua Adam Hurley, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against multiple individuals employed at the New River Valley Regional Jail (NRVRJ). Hurley moved to amend his complaint on multiple occasions. By memorandum opinion and order entered July 16, 2025, the court dismissed some of Hurley's claims without prejudice for failure to state a claim upon which relief may be granted, and the court dismissed other claims without prejudice pursuant to Federal Rule of Civil Procedure 21. ECF Nos. 29 and 30. The order permitted Hurley to file a motion to reopen the action, along with a proposed amended complaint, if he believed that he could remedy the pleading deficiencies identified by the court with respect to certain claim. The order also indicated that Hurley's improperly joined claims must be pursued in separate actions.

Hurley has since filed a proposed amended complaint that was docketed as a motion to amend. ECF No. 31.[1] For the reasons set forth below, the motion is **DENIED**.

---

[1] Hurley also filed a "motion to remove three people from claim," which was docketed as another motion to amend. ECF No. 34. Because the referenced individuals are not named as defendants in the proposed amended complaint and otherwise have no pending claims against them, that motion will be denied as unnecessary.

## I.    Summary of Allegations and Claims

In his amended complaint, Hurley asserts seven numbered claims for relief under 42

U.S.C. § 1983. Those claims are as follows:

>  **Claim 1**: On or about April 15, 2024, Nurse K. Corbin acted
>  with deliberate indifference by denying Hurley's request for his
>  substance abuse medication based on the results of a drug
>  screen, as evidenced by Informal Grievance (IG) 24-85.

>  **Claim 2**: On or about September 6, 2024, Dr. S. Bhat acted
>  with deliberate indifference by denying Hurley's request for
>  treatment for hepatitis C, as evidenced by IG 24-133.

>  **Claim 3**: On or about June 12, 2024, Administrator Truhart
>  provided false information that prevented Hurley from being
>  placed in general population for more than 60 days, during
>  which time he was confined in administrative segregation and
>  subjected to more restrictive conditions of confinement.

>  **Claim 4**: On or about September 13, 2024, Superintendent
>  Haug denied Hurley's request for the common fare diet as a
>  Christian inmate.

>  **Claim 5**: On or about April 15, 2024, Nurse Corbin failed to
>  provide Hurley with the same form of bupropion (Wellbutrin)
>  prescribed by an outside physician, as evidenced by IG 24-74.

>  **Claim 6**: On or about September 28, 2023, Officer Sauders put
>  Hurley's safety at risk by moving him near an inmate on his
>  enemy list.

>  **Claim 7**: On June 6, 2024, Administrator Trainer deprived
>  Hurley of due process and treated him differently than other
>  inmates by enforcing a disciplinary violation more than 90 hours
>  after the underlying conduct occurred.

See ECF No. 31-1 at 1–11.

## II.    Standard of Review

A plaintiff may amend a complaint "once as a matter of course" within certain time

limits, after which a complaint may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." ACA Fin. Guar. Corp. v. City of Buena Vista, 917 F.3d 206, 217–18 (4th Cir. 2019) (internal quotation marks omitted). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face . . . [or] if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019) (internal quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Leave to amend may also be denied "if the amendment would result in the improper joinder of parties or claims." Mims v. Simon, No. 1:22-cv-00323, 2022 WL 1284106, at *3 (W.D. Mich. Apr. 29, 2022); see also Powers v. Mathena, No. 7:20-cv-00520, 2021 WL 371688, at *2 (W.D. Va. Feb. 3, 2021) (denying leave to amend a complaint to raise new claims against a new defendant on the basis that such claims would be improperly joined) (citing Fed. R. Civ. P. 18, 20). Although "reasonably related claims" may be brought in the same action, Rule 20 does not permit a plaintiff to join claims "against different parties that present entirely different factual and legal issues." Sykes v. Bayer Pharms. Corp., 548 F.

Supp. 2d 208, 218 (E.D. Va. 2008) (internal quotation marks and alterations omitted); see also Allah v. Smith, No. 2:22-cv-00021, 2022 WL 4395680, at *4 (S.D. Ohio Sept. 23, 2022) (denying leave to amend a complaint to include a claim for denial of religious rights against a different defendant that did not arise from the same transaction or occurrence as the inmate's mail-related claims).

### III.    Discussion

**A.    Claims of Inadequate Medical Treatment (Claims 1, 2, and 5)**

In Claims 1, 2, and 5, Hurley asserts claims of inadequate medical treatment. State court records available online indicate that Hurley was a pretrial detainee at the time of the events giving rise to his claims.[2] Accordingly, the claims of inadequate medical treatment are governed by the Due Process Clause of the Fourteenth Amendment.

The Due Process Clause protects pretrial detainees from actions by government officials that are "not rationally related to a legitimate nonpunitive purpose or that . . . appear excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015) (internal quotation marks and citation omitted). Pretrial detainees can state a claim under the Fourteenth Amendment, based on a purely objective standard, for correctional officials' deliberate indifference to a serious medical need. Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023). "To state a claim for deliberate indifference to a medical need, . . . a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed

---

[2] See, e.g., Commonwealth v. Hurley, Nos. CR24000301-00, CR24000302-00 (Wythe Cnty. Cir. Ct.), available at https://eapps.courts.state.va.us/CJISWeb/circuit.jsp (last accessed Mar. 3, 2026).

to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4), as a result, the detainee was harmed." Id. Allegations of mere negligence are "not enough" to meet this standard. Id. at 611–12.

### 1. Claim 1

In Claim 1, Hurley asserts a claim of "deliberate indifference" against Nurse Corbin. ECF No. 31-1 at 1, 3. More specifically, Hurley alleges that he was denied his "actual substance abuse medications" by Corbin on April 15, 2024, as evidenced by IG 24-85. Id. at 3. In that informal grievance, Hurley reported that he had been prescribed two medications by a "sober living doctor" and that he had been taking "one of the two." EFC No. 1-1 at 24. He requested to receive Suboxone[3] on a daily basis since he had a prescription for the medication from the outside medical provider. Id. A nurse responded to the informal grievance, and Corbin responded to the formal grievance that Hurley filed next. Id. at 24–25. Corbin advised Hurley that he did not qualify for Suboxone treatment because his "urine drug screen was positive for amphetamines [and] methamphetamines." Id. at 25. Hurley appealed the formal grievance to Haug, the Superintendent of the NRVRJ, who determined that the grievance was without merit. See id. at 26.

While Hurley obviously disagrees with the decision to deny his request for Suboxone, he has not alleged sufficient facts to plausibly suggest that Corbin violated the Fourteenth

---

[3] Suboxone is "a controlled substance sometimes used to treat opioid addiction." United States v. Naum, 134 F.4th 234, 237 (4th Cir. 2025); see also United States v. Brizuela, 962 F.3d 784, 787 (4th Cir. 2020) ("Suboxone is a Class III controlled substance because it contains buprenorphine, another habit-forming opioid.").

Amendment. The mere fact that he was prescribed the medication in the past by a different provider is insufficient to show that Corbin acted with deliberate indifference to a serious medical need. Hurley does not allege that Corbin knew or should have known that refusing to dispense Suboxone "posed an unjustifiably high risk of harm" or that he suffered any harm as a result of Corbin's actions or inactions. Short, 87 F.4th at 611. Consequently, the claim of deliberate indifference asserted in Claim 1 would not survive a motion to dismiss.[4]

### 2.    Claim 2

In Claim 2, Hurley asserts that Dr. Bhat acted with deliberate indifference by denying him treatment for hepatitis C in September 2024, as evidenced by IG 24-133. ECF No. 31-1 at 1, 3. In that informal grievance, Hurley asserted that he had been denied treatment for hepatitis C by Dr. Bhat. See ECF No. 9 at 1. In response, a nurse noted that Hurley had been seen by Dr. Bhat on September 6, 2024, and that Hurley would be "following up with him." Id. Hurley then filed a formal grievance regarding the matter, to which Corbin responded as follows:

> You have a follow-up scheduled with Dr. Bhat to discuss this matter. At this time, it is not medically necessary for the NRVRJ to treat your Hep C. You will continue to be monitored in chronic care clinic.

Id. at 2. Hurley appealed the grievance to Haug, and Haug determined that the complaint was without merit:

---

[4] The court also notes that Hurley's allegations are insufficient to state a plausible claim for relief under Title II of the Americans with Disabilities Act (ADA). Although drug addiction qualifies as a physical or mental impairment, see 42 U.S.C. § 12102; 28 C.F.R. § 35.108(b)(2), a claim for denial of adequate medical treatment is "not cognizable under the ADA." Tardif v. City of New York, 991 F.3d 394, 405 (2d Cir. 2021); see also Hale v. Harrison Cnty. Bd. of Supervisors, 8 F.4th 399, 404 n.† (5th Cir. 2021) (noting that an inmate had no viable ADA claim based on "the prison's refusal to prescribe his preferred medication"); Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) (agreeing with other circuits that lawsuits under the ADA "cannot be based on medical treatment decisions").

> Thankfully, your labs continue to be good and there has been
> no need for treatment. You do have a follow up with Dr. Bhat
> and medical will continue with your chronic care to monitor
> your labs.

Id. at 3.

Hurley has not alleged facts sufficient to establish that Dr. Bhat violated the Fourteenth Amendment by declining to treat his hepatitis C. He does not identify the medical treatment he believes he should have received, much less plausibly allege that the Dr. Bhat knew or should have known that he faced a substantial risk of harm as a result of not receiving such treatment. To the extent Hurley disagrees with the medical department's method of monitoring his hepatitis C, such disagreement is insufficient to establish a constitutional violation. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."); see also Black v. Ala. Dep't of Corr., 578 F. App'x 794, 796 (11th Cir. 2014) ("To the extent Black contends the defendants should have placed him in the Hepatitis C Treatment Program, a mere disagreement between an inmate and the prison's medical staff as to the course of treatment does not establish deliberate indifference."); Whiting v. Kelly, 255 F. App'x 896, 899 (5th Cir. 2007) ("Although [the plaintiffs, who tested positive for the hepatitis C virus,] clearly believe they should undergo additional testing and drug therapies, such disagreement does not give rise to a constitutional claim."). Thus, Claim 2 would not survive a motion to dismiss.

### 3.    Claim 5

In Claim 5, which is also asserted against Nurse Corbin, Hurley alleges that he was denied the same form of bupropion (Wellbutrin) prescribed by an outside medical provider, as evidenced by Grievance 24-74. ECF No. 31-1 at 3. In that grievance, Hurley complained about receiving the medication in a crushed form. In response, Corbin advised Hurley that he was "getting the same dose and medication" and that the medical department "crush[es] all Wellbutrin." ECF No. 7-1 at 3. Likewise, in response to an informal grievance, a nurse advised Hurley that "[a]ll Wellbutrin is crushed in the facility." Id. at 4.

Hurley does not allege that he suffered any harm as a result of receiving Wellbutrin in a crushed form. Nor does he allege that Corbin knew or should have known that crushing the medication posed an unjustifiably high risk of harm. Consequently, Claim 5 would not survive a motion to dismiss.

Because Claims 1, 2, and 5 would not survive a motion to dismiss for failure to state a claim, Hurley's motion to amend will be denied as futile with respect to these claims.

## B.    Other Claims

It is clear from the proposed amended complaint that Hurley's claims against Truhart, Haug, Sauders, and Trainer would not be properly joined in the same action. As the court explained in its previous opinion, Rule 20 provides that defendants may be joined in a single action if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Courts have interpreted Rule 20 to permit "joinder of all

reasonably related claims for relief . . . against different parties." <u>Courthouse News Serv. v. Schaefer</u>, 2 F.4th 318, 325 (4th Cir. 2021). The rule does not permit prisoners or any other litigants to join unrelated claims against different parties in one lawsuit. See <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner."). Courts have emphasized that "unrelated claims against different defendants belong in separate lawsuits, not only 'to prevent the sort of morass' produced by multi-claim, multi-defendant suits . . . , but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act." <u>Owens v. Hinsley</u>, 635 F.3d 950, 952 (7th Cir. 2011) (quoting <u>George</u>, 507 F.3d at 607).

Here, as noted above, Hurley alleges that Truhart provided false information that resulted in him being confined in administrative segregation for more than 60 days; that Haug denied his request for a common fare diet as a Christian inmate; that Sauders put his safety at risk by moving him near an inmate on his enemy list; and that Trainer deprived him of due process in connection with a disciplinary proceeding and treated him differently than other inmates involved in the underlying incident. Each of these claims involves entirely different factual issues, and none of them are logically related to Hurley's other claims of inadequate medical treatment. Because the claims against Truhart, Haug, Sauders, and Trainer would not be properly joined in the same action, the motion to amend will be denied with respect to these claims. If Hurley wishes to pursue his claims against Truhart, Haug,

Sauders, and Trainer, he must file a new and separate action against each of these defendants.[5]

## IV.    Conclusion

For the reasons set forth above, Hurley's motion to amend, ECF No. 31, is **DENIED**, and his "motion to remove three people from claim," ECF No. 34, which is also docketed as a motion to amend, is **DENIED** as unnecessary.

An appropriate order will be entered.

Entered: March 9, 2026

Michael F. Urbanski
U.S. District Judge
2026.03.09
12:41:20 -04'00'

Michael F. Urbanski
Senior United States District Judge

---

[5] Should Hurley choose to file a separate action against any of the identified individuals, he must be mindful of the pleading requirements set forth in the court's opinions.

10